MANDATE

18-3674
*Brown v. N.Y.C. Dep't of Ed.*

1:16-cv-07531-LAP

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty.

PRESENT:
> PETER W. HALL,
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 05 2020

---

Lyhnn Brown,

> *Plaintiff–Appellant*,

v.                                                                               18-3674

New York City Department of Education, Principal Ramona Duran, PS 157X, in her individual and official capacity,

> *Defendants–Appellees.*

---

| | |
|---|---|
| For Plaintiff–Appellant: | Bryan D. Glass, Glass & Hogrogian, New York, NY. |
| For Defendants–Appellees: | LORENZO DI SILVIO, Of Counsel (Richard Dearing and Fay Ng, Of Counsel, *on the* |

MANDATE ISSUED ON 05/05/2020

*brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff–Appellant Lyhnn Brown appeals from the district court's grant of summary judgment in favor of Defendants–Appellees New York City Department of Education ("DOE") and Principal Ramona Duran on Brown's disability discrimination claims asserted under the Americans with Disabilities Act of 1990 ("ADA"), New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision to grant summary judgment *de novo,* resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin,* 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord,* 554 F.3d 255, 266 (2d Cir. 2009) and citing Fed. R. Civ. P. 56(c)). "Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (quoting Fed. R. Civ. P. 56(a)).

Lyhnn Brown was an elementary school teacher for over 25 years. She took a two-year leave of absence from teaching from 2009 through 2011 after she was diagnosed with non-Hodgkin's lymphoma and her mother died. When she returned to work in 2011, Brown taught math to second through fifth grade students and received annual teacher ratings of "satisfactory."

2

#

Two years later, Brown was assigned to teach writing and penmanship to pre-kindergarten through second grade students. This assignment coincided with updates to the teacher evaluation system, including changes to the evaluation criteria and an increase in the number of classroom observations. In her first evaluation under the new system in 2013, Brown was found to be "ineffective" in all categories and provided with a literacy coach. Brown was evaluated five additional times in the 2013–14 school year and rated "ineffective" or "developing" in every category. These evaluations noted Brown's problems with arriving on time, being prepared, challenging students, and effectively responding to behavior problems. At the end of the year, Brown was rated "ineffective" and placed on a teacher improvement plan.

During the 2013–14 school year Brown was repeatedly diagnosed with infections which her doctor attributed to her autoimmune deficiency caused by chemotherapy treatments and health conditions. In April and June 2014, Brown filed Applications for a Hardship Transfer to teach other grades, which her doctor said would reduce Brown's risk of infection. The DOE denied these requests because it determined that they were "not medically warranted." App'x 228; 232.

During the 2014–15 school year, Brown continued to teach pre-kindergarten through second grade. She received seven negative evaluations, including three evaluations by an independent peer validator who was jointly selected by the teachers' union and DOE. Starting in December 2014, Brown was granted intermittent leave under the Family and Medical Leave Act. At the end of the 2014–15 year, Brown's teaching was again found to be "ineffective." Upon her return in the fall of 2015, Brown was transferred to another school and eventually terminated.

The DOE brought charges of incompetency and misconduct against Brown pursuant to New York Education Law §§ 3012-c, 3020, 3020-a, 3020-b based on Brown's performance during the 2012–13, 2013–14, and 2014–15 school years. After conducting § 3020-b

3

administrative hearings, a hearing officer determined that there was just cause for Brown's termination because DOE had proven a pattern of ineffective teaching which Brown failed to rebut and Brown did not demonstrate extraordinary circumstances that caused her to be ineffective.

Brown petitioned to vacate the hearing officer's decision, which the New York County Supreme Court denied. *Brown v. City of New York*, 52 N.Y.S.3d 245, 245 (Sup. Ct. 2017). Brown then brought the instant suit in federal court. The district court held that Brown's discrimination claims were collaterally estopped by the findings of the § 3020-b proceeding and that Brown had failed to create a genuine dispute of fact as to her claims of discrimination for failure to accommodate. Brown challenges both rulings on appeal.

**I. Claim Precluded by Collateral Estoppel**

We first consider whether Brown's NYCHRL claim is barred by collateral estoppel. In doing so, we apply state law. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under New York law, the doctrine bars the relitigation of an issue that was clearly raised in a prior action or proceeding, material and essential to the decision rendered, and decided against the party raising the issue again. *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 313 (2d Cir. 2005) (citing *Ryan v. N.Y. Telephone Co.,* 467 N.E.2d 487, 490 (N.Y. 1984)). This rule applies to § 3020-b administrative hearings when there has been a full and fair opportunity to litigate the issues, *c.f., id.* at 311, and judicial review of the findings, *Solimino v. Astoria Fed. Sav. & Loan Ass'n*, 901 F.2d 1148, 1150 (2d Cir. 1990).

In the § 3020-b proceeding, Brown's attorney argued that Brown was fired because of her disability: "her pattern of ineffective teaching was the result of 'extraordinary circumstances.' . . . 'Let's be clear here. Administration is trying to fire Ms. Brown not because she's an incompetent teacher, but because she is sick.'" App'x at 223 (quoting the closing statement by Brown's

counsel). After reviewing the entire record, including the teacher evaluations, the hearing officer concluded that there was just cause for Brown's termination and that Brown's disability played no part in her termination:

> I find no support for the claim that Respondent's illness prevented her from providing effective instruction on the days she appeared for work. It was not because of her illness that Respondent failed to engage her students, failed to manage student behavior, failed to utilize effective discussion techniques, failed to assess her students, and failed to differentiate her instruction. It was not because of her illness that Respondent failed to implement the suggestions and strategies conveyed to her by the administration. And it was not because of her illness that Respondent failed to meet the goals of her Teacher Improvement Plan.
> Those failures are clearly and consistently documented throughout the written record and were credibly supported by the testimony of the Literacy Coach, the Principal, and the Peer Validator.

App'x at 224. In reviewing the hearing officer's decision, the New York County Supreme Court concluded that, "[g]iven the record of repeated 'ineffective' ratings documented by multiple people and petitioner's failure to follow through with the remediation provided to her, . . . the penalty of termination does not shock one's sense of fairness." *Brown*, 52 N.Y.S.3d 245, at *9.

Brown does not challenge the district court's determination that her ADA and NYSHRL discrimination claims are collaterally estopped by her New York state proceedings. On appeal, Brown argues only that her NYCHRL claim is not subject to collateral estoppel because under that claim she need only prove that discrimination was a motivating factor in her termination and the hearing officer made no finding that it was not. *See Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 411 (2d Cir. 2015) (per curiam) ("It is not uncommon for covered entities to have multiple or mixed motives for their action, and the [NYCHRL] proscribes such 'partial' discrimination . . . ." (quoting *Bennett v. Health Mgmt. Sys., Inc.,* 92 A.D.3d 29 (N.Y. App. Div. 2011)). We disagree. The hearing officer found that Brown was terminated because of her ineffectiveness and that her ineffectiveness was unrelated to her illnesses. It follows that Brown's

5

\#

disability was not a motivating factor in her termination. Further, the hearing officer stated that Brown's absences played no part in his analysis. The district court's grant of summary judgment as to Brown's claims of discrimination under the NYCHRL was therefore proper.

## II. Failure to Accommodate Claim

Brown also contends that the district court improperly granted summary judgment for defendants on her claim for failure to accommodate. To succeed on an ADA claim, Brown must prove that "(1) h[er] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of h[er] job, with or without reasonable accommodation; and (4) [s]he suffered adverse employment action because of h[er] disability." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (internal quotation marks omitted). "New York State disability discrimination claims are governed by the same legal standards as federal ADA claims." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004). The NYCHRL similarly "requires that an employer 'make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job.'" *Romanello v. Intesa Sanpaolo, S.p.A.*, 998 N.E.2d 1050, 1053 (N.Y. 2013) (quoting N.Y.C. Admin. Code § 8-107(15)(a)).

Since the alleged discrimination is DOE's failure to provide reasonable accommodation, Brown must prove that, *inter alia*, she could have performed the essential functions of the job at issue if provided reasonable accommodations. *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 96–97 (2d Cir. 2009). Importantly, "the *connections* between (1) the failure to accommodate a disability, (2) the performance deficiencies, and (3) the adverse employment action, must still exist for there to be liability." *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 108 (2d Cir. 2001). For the NYCHRL claim, "the employer, not the employee, has the pleading

6

\#

obligation to prove that the employee could not, with reasonable accommodation, satisfy the essential requisites of the job." *Romanello*, 998 N.E.2d at 1053 (internal quotation marks omitted).

On appeal, Brown argues that there remains a dispute of material fact as to whether her requested accommodation—a transfer to teach older students—would have improved her attendance, thereby improving her performance such that no disciplinary action would have been necessary. As discussed above, however, the hearing officer explicitly stated that Brown's absences played no role in his decision and that termination was warranted based on her ineffective instruction on the days she was present. As with her other claims, Brown's failure to accommodate claim is thus barred by collateral estoppel. In any event, there is insufficient evidence in the record for a reasonable jury to conclude that DOE's failure to accommodate Brown's disability by transferring her to teach older students resulted in the negative teacher evaluations. There is ample evidence in the record that Brown's ineffectiveness as a teacher was unrelated to her disability. Accordingly, summary judgment for defendants on this claim was properly granted.[1]

We have considered Brown's remaining arguments and conclude they are without merit. The judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] The district court granted summary judgment on another basis, but "[o]ur court may, of course, affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court." *ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir. 2003).

7